**UNITED STATES, Appellee**

v.

**Garvin L. SMITH, Private First Class, U.S. Army, Appellant.**

No. 58,219.

CM 8601311.

U.S. Court of Military Appeals.

Aug. 1, 1988.

For Appellant: *Captain Brian D. Di-Giacomo* (argued); *Colonel John T. Edwards, Major Dale K. Marvin, Major(P) Russell S. Estey* (on brief); *Lieutenant Colonel Joel D. Miller, Lieutenant Colonel Charles A. Zimmerman, Major Marion E. Winter.*

For Appellee: *Captain Randy V. Cargill* (argued); *Colonel Norman G. Cooper, Lieutenant Colonel Gary F. Roberson, Major Byron J. Braun* (on brief); *Captain Brendan F. Flanagan.*

### Opinion of the Court

COX, Judge:

Appellant was tried by a military judge sitting as a special court-martial. He was charged with being absent without leave and with missing movement through design, in violation of Articles 86 and 87, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 887, respectively. Pursuant to his pleas, he was found guilty of both charges and was sentenced to a bad-conduct discharge, confinement and forfeiture of $400.00 pay per month for 2 months, and reduction to the lowest enlisted grade. The convening authority approved the sentence as adjudged, and the Court of Military Review affirmed.

This Court granted review of the following issue: WHETHER THE MILITARY JUDGE ERRED IN ACCEPTING APPELLANT'S PLEA OF GUILTY TO MISSING MOVEMENT THROUGH DESIGN (CHARGE I).

At the time the offenses were committed, appellant was assigned to C Battery, Second Battalion, Third Air Defense Artillery, located at Fort Bliss, Texas. C Battery was transferred from Fort Bliss to Bad Kreuznach, Federal Republic of Germany, with a reporting date of August 4, 1986. In conjunction with that movement, appellant was granted personal

leave. He was also issued permanent change of station (PCS) orders, which permitted him to travel separately, and was ordered to report to St. Louis, Missouri, his aerial port of embarkation, on or before August 4, for transport to Germany.

It is undisputed that appellant missed his port call and was absent without leave. Appellant contends, however, that he is not guilty of missing a movement. Appellant's syllogism is simple. He argues that the significant element of proof of missing movement is the requirement to move with "a ship, aircraft, or unit." Art. 87. In this case, appellant was allowed to proceed individually; therefore, he was not required to move "with ... a unit." He was not assigned to a specific ship or aircraft; therefore, he was not required to move with "a[n] ... aircraft."

While his argument has appeal in logical analysis, we nevertheless reject it. It is undisputed that appellant was assigned to C Battery. It is also undisputed that C Battery was "move[d]" from Fort Bliss to Bad Kreuznach and that, incident thereto, appellant was ordered "to move" to Germany. His duty was with C Battery before and after the "move." Movement with a unit requires only that there be integrity of the organization being moved before and after. There is no question that appellant's unit was to be present in Germany functioning under its chain of command on August 4.

Any person subject to the Uniform Code who is transferred incident to the relocation of a unit and who willfully absents himself incident to, or in conjunction with, that transfer is guilty of "missing movement." It is not of consequence that he may be allowed to proceed separately.

"[I]t is the missed 'move,' not the mode of moving, that is significant." *United States v. Graham*, 16 M.J. 460, 461 (C.M.A. 1983).

Here, there is also no question that appellant was ordered to transfer to Germany "with" his unit. There was integrity of command before and after the transfer. Para. 11 c(2)(a), Part IV, Manual for Courts-Martial, United States, 1984.

Our holding here is not inconsistent with both the majority and dissenting opinions in *United States v. Graham, supra*, where one judge stated:

It is apparent from the ... legislative history that Article 87 ... was enacted to circumvent an apparently common experience of illegitimate absence at the moment a unit or ship was about to move. This article was an attempt to decrease the incidence of this misconduct by a specific sanction providing an increased penalty. Careful reading of he legislative history strongly suggests a logically necessary connection between the missing movement and the operational purpose, effectiveness, and efficiency of the mission.

*Id.* at 464 (Fletcher, J., dissenting).

Appellant himself stated it most clearly as he responded during the providence inquiry:

On 4 August I was to move with my unit to Germany. I was to catch a flight out of St. Louis—I missed the flight—I did it on purpose and that is basically it, sir.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge SULLIVAN concur.